[No. 14782.  Department Two.  September 16, 1918.]

PUGET SOUND INTERNATIONAL RAILWAY, *Respondent*, v. THE CITY OF EVERETT, *Appellant*.[1]

MUNICIPAL CORPORATIONS—CONTRACTS FOR STREET LIGHTING—CONSTRUCTION.  A city cannot have the size of its lights reduced without consent of the company, under a contract for city lighting providing that the city shall establish the location and size of the lamps and that, when a lamp shall have been once established, it shall continue during the life of the contract, except that its position may be changed, and that new improved lamps shall be approximately the same wattage and cost as the one for which it is substituted; the intention being that the revenue of the company should not be reduced.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered January 24, 1918, in favor of the plaintiff, upon sustaining a demurrer to the answer, in an action on contract. Affirmed.

*Wm. A. Johnson*, for appellant.

*J. A. Coleman*, for respondent.

HOLCOMB, J.—On April 15, 1914, the appellant and respondent's assignor entered into a contract for the furnishing of street lights by the respondent for the use of appellant during a term of five years from the date of the agreement, the material parts of which are as follows:

"Fourth.—The company agrees to furnish all the light that may be required by the city for street light-

[1]Reported in 175 Pac. 40.

ing purposes during the life of this contract, to install such lights as may be ordered by it from time to time during the life of this contract, and to operate all lights from the cessation of daylight in the evening until the coming of daylight in the morning, upon each and every night, all for the price hereinbefore in (Par. 2) set forth. The company shall furnish all lamps and lamp renewals and replace the same at its own expense and shall bear all cost of maintenance, repair and operation of service in placing the lamps and lights in position. *When a lamp shall have been once established it shall continue during the life of this contract,* except that its position may be changed upon order of the city council and at the expense of the city. . . .

"Seventh.—The council shall, by resolution, determine the location and size of all lamps to be installed hereunder and all said lamps shall remain in service during each and every month during the term of this contract, except that position and size of said lamps may be changed as hereinafter specified. . . .

"Eleventh.—The company further agrees that should a new and improved form of lamp for street lighting come into general use during the life of this contract, that it will, upon application of the city, substitute such new and improved lamp, provided, however, that such new lamp shall be approximately of the same wattage and cost as the one for which it is substituted."

On September 21, 1917, appellant gave respondent written notice of an adopted resolution directing respondent to reduce, on October 1, 1917, the size of certain of the street lights, with a schedule of the lights the size of which respondent was directed to reduce. Respondent refused to reduce the size of the lamps and, at the end of the month of October, appellant paid to the respondent the amount which would have been due had respondent reduced the size of the lamps. Respondent brought action to recover the difference between the original schedule price and that which appellant paid.

A demurrer was interposed to the answer, which raised the question of the construction of the contract. It was stipulated between the parties that if the appellant, under the terms of the contract, has the right, without the consent of the respondent, to have the size of the lights reduced, then the demurrer to the answer should be overruled and the action dismissed; but if no such right exists, then the demurrer should be sustained and judgment entered as demanded in the complaint. The demurrer having been sustained and defendant refusing to plead further, judgment was entered accordingly. The sustaining of the demurrer to the answer and entering judgment for the plaintiff is assigned as error.

The sole question involved is the construction of the contract. It is admitted that respondent's assignor prepared the contract. Appellant contends that the contract is ambiguous, and in construing it the court should resolve all ambiguities in favor of appellant, under the rules that, in case of doubt, the contract should be interpreted against the party drawing the contract, and that, when a contract is made with the public, it is ordinarily construed most favorably to the public. These rules may be conceded correct and applicable where the language of the contract as expressed leaves the intention of the parties doubtful. Ordinarily, the agreement of the parties is to be ascertained from the plain language used by them, and where the meaning of a contract is plain, another meaning cannot be added by implication. Contracts must be liberally construed so as to give them effect and to carry out the intention of the parties when read as a whole.

On reading the contract as a whole it is plain that the parties' intent as to the size of the lamps is ex-

pressed in paragraphs 4, 7, and 11 thereof. That part of paragraph 4 which is as follows:

"When a lamp shall have been once established it shall continue during the life of this contract, except that its position may be changed upon the order of the city council and at the expense of the city,"

allows the change of position of the lamp at the expense of the city, but does not allow any change in the size of the lamp. The clause in paragraph 7, "except that position and size of said lamps may be changed as hereinafter specified," plainly refers to that which follows, and on proceeding to paragraph 11, which is hereinabove stated, we find the clause relating to a new improved lamp, "provided, however, that such new lamp shall be approximately of the same wattage and cost as the one for which it is substituted." In construing the contract in its entirety, and especially paragraph 11, it is apparent that it was not intended that the revenue of respondent could be reduced, although the city may require the substitution of an improved form of lamp to be approximately of the same wattage as the old one.

Appellant discusses various phases of the public service commission law which, in view of the condition of the pleadings and stipulation between the parties, it becomes unnecessary to consider.

Having concluded that the demurrer to the answer was properly sustained and judgment entered in accord with the stipulation, the judgment is affirmed.

MAIN, C. J., MOUNT, CHADWICK, and MACKINTOSH, JJ., concur.